UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,        :
     Plaintiff,               :
                            :
     v.                      :        No. 07-cv-12285-RWZ
                            :
1998 LEXUS GS400, BEARING        :
VEHICLE IDENTIFICATION NUMBER    :
JT8BH68X7W0004575,               :
     Defendant.               :

### ANSWER AND COUNTER-CLAIM OF EMANUELA ALVES

NOW COMES the Interested Party, Emanuela Alves, pro se, with this Answer and Counter-Claim to the Government's "Verified Complaint For Forfeiture In Rem," and in furtherance of the foregoing respectfully sets forth as follows:

1. This Interested Party does not dispute ¶ 1 of the government's Verified Complaint For Forfeiture In Rem (hereinafter, "Complaint").

2. This Party agrees that the Defendant Property consists of one 1998 silver Lexus GS400, bearing Vehicle Identification Number JT8BH68X7W0004575 and Massachusetts Registration Number 65ML05 (referenced as the "Defendant Property").

3. This Party does not dispute ¶ 3 of the government's Complaint.

4. As ¶ 4 of the government's Complaint contains legal assertions this Party is not required to respond thereto. To the extent an answer is required, this Party disputes any and all factual assertions and legal conclusions contained therein.

## COUNTER-CLAIM

5.   This Party incorporates by reference the affixed true copy of her Petition of Emanuela Alves For Remission or Mitigation of Forfeiture, and affidavits Emanuela Alves, and John Fortes, as if fully set forth herein.

6.   The Defendant Property was seized without a warrant by officers of the New Bedford Police Department and the Bureau of Alcohol, Tobacco, Firearms and Explosives on June 24, 2004.

7.   The appraised value, as that term is defined in 28 C.F.R. § 9.2(b), of the Defendant Property is $11,000.00.

8.   The current value of the Defendant Property is an estimated $3,000.00.

9.   At the time of the seizure of the Defendant Property the government did not have probable cause to believe that the property was subject to forfeiture.

10.   Furthermore, the property was not legally seized by a State or local law enforcement agency, and transferred to a Federal Agency.

11.   At the time of the seizure of the Defendant Property both Federal and State officials had been informed that the Defendant Property was solely the property of this Interested Party.

12.   Federal and State officials knew, or reasonably should have known, that this Interested Party was, and is, an innocent owner, as that term is defined in 18 U.S.C. § 983(d)(2), and therefore not subject to forfeiture.

13.  As a direct and proximate result of the government's seizure of the Defendant Property this Interested Party has lost \$8,000.00 in equity in said property.

**WHEREFORE,** this Interested Party respectfully moves this Court grant the following relief:

A.  Order the government to return the Defendant Property to this Interested Party; and

B.  Award \$8,000.00 in compensation for the appraised value, as that term is defined in 28 C.F.R. § 9.2(b), of the Defendant Property, and interest;

C.  Grant such other and further relief as this Honorable Court may deem just, equitable, and fair.

Respectfully submitted by,

DEFENDANT, PRO SE

Date: 4- 4- 08

Emanuela Alves
864 County Street
New Bedford, MA 02740

## Verification

I, Emanuela Alves, have read, and am familiar with the foregoing Answer and Counter-Claim of Emanuela Alves, and the attached Petition of Emanuela Alves For Remission or Mitigation of Forfeiture together with the Affidavit of John Fortes, and Affidavit of Emanuela Alves; all factual assertions set forth within the foregoing Answer and Counter-Claim of Emanuela Alves, and affixed referenced documents, are true and correct to the best of my knowledge, information, and belief.

Signed under penalty of perjury on this the____day of April 2008.

_____
Emanuela Alves

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
                                                      ⁷⁷  ⁷
```

```
                                        ⁷  ¹⁻⁷ ⁷ ⁷ ⁷⁷
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | No. O -cv-12284-RWZ |
| | : | |
| 1998 LEXUS GS400, BEARING | : | |
| VEHICLE IDENTIFICATION NUMBER | : | |
| JT8BH68X7WO0O4575, | : | |
| Defendant, | : | |

## **AFFIDAVIT OF JOHN FORTES**

NOW COMES the Affiant, John Fortes, and hereby swears
and avers the following statement is true and correct:

1.  I am the above-entitiled Affiant John Fortes.

2.  I have read, and am familiar with the Affidavit of
Special Agent Stephanie D'Andrea.

3.  In regard to the May 21, 2004 Stop reverenced in
section A. of the D'Andrea Affidavit on pages 3-4, no drugs
or other contrabands were found on my person or in the vehicle
The marijuana that was found on the person of Anthony Gonzalez
did not belong to me, nor was I ever charged with any wrongdoing
emanating from the above-referenced stop with the exception
of a traffic violation for obstructing traffic.

4.  I was never charged as a joint-venturer, co-conspirator, or
with constructive possession of the marijuana found on the person
of Mr. Gonzalez; and, indeed, I was not aware that Mr. Gonzalez
was in possession of marijuana until such time the officer searched
Mr. Gonzalez.

Page 1 of 2

5.   On November 8, 2007 I entered a plea of guilty to distribution of a controlled substance; i.e., powder cocaine. This charge arose out of a transaction with a Confidential Witness on May 27, 2004.   I have read the version of this transaction set forth in Section B of the D'Andrea Affidavit on pages 4-7. However, the Lexus referenced in the D'Andrea Affidavit as referenced herein was, and is, the property of Emanuela Alves.

6.   Ms. Alves is the mother of my son who, at the time of the alleged incident, was two (2) months old. From time to time Ms. Alves would allow me to borrow her vehicle to attend school and to look for work.  On May 27, 2004 I borrowsd her vehicle with the intention of going to school (at the time I was attending New England Tractor-Trailer School in Pawtucket, Rhode Island).

7.   As events evolved on that day, I did not go to school but participated in the events as described in the D'Andrea Affidavit.

8.   At no time did I ever inform Ms. Alves that I was using her vehicle for any other purpose than that described above in ¶ 6; and, indeed, Ms. Alves did not know that I participated in the distribution or use of any type of controlled substance.

FURTHER YOUR AFFIANT SAYETH NOT.

Signed under penalty of perjury on this the 23rd day of march 2008.

John Fortes

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,        :
        Plaintiff,               :
                                 :
        v.                       :        No. 07-cv-12285-RWZ
                                 :
1998 LEXUS GS400, BEARING        :
VEHICLE IDENTIFICATION NUMBER    :
JT8BH68X7W0004575,               :
        Defendant.               :
```

## **AFFIDAVIT OF EMANUELA ALVES**

NOW COMES the Affiant, Emanuela Alves, and hereby swears
and avers the following statement is true and correct:

1.   I am the above-captioned Affiant, Emanuela Alves.

2.   I have read, and am familiar with the foregoing
PETITION OF EMANUELA ALVES FOR REMISSION OR MITIGATION OF FORFEIT-
URE, and ANSWER AND COUNTER-CLAIM OF EMANUELA ALVES; all factual
assertions contained therein are  true and correct.

3.   The affixed copy of the title for the 1998 LEXUS
GS400 bearing vehicle identification number JT8BH68X7W0004575,
is a true and correct copy of said title.

4.   I have read, and am familiar with the foregoing MOTION
TO DISMISS; all factual assertions contained therein are true
and correct.

5.   I am the owner of the above-captioned Lexus (herein-
after, "Lexus").   I purchased the within referenced Lexus with
proceeds form the sale of my Jaguar, and money from my parents.
At the time of the purchase of the Lexus in 2003 it had an
estimated value of $12,000.

Page 1 of 3

6. The Lexus was seized by officers of the New Bedford Police Department and ATF in 2004. At that time the estimated value of the Lexus was $11,000.

7. I have been informed, and therefore believe that the current estimated value of the Lexus is $3,000.

8. In June of 2004 I prevailed upon John Fortes' counsel, Samuel Sutter, Esq. to request the return of the Lexus. At that time Attorney Cabral represented the government, and based upon information and belief, Attorney Cabral refused to return the Lexus.

9. Again in early 2007 in late January or early February, Attorney James Budreau requested the vehicle be returned, and again Attorney Cabral refused to return the Lexus. A third request was made to Attorney Steinberg who subsequently represented the government in the underlaying matter. Attorney Steinberg at first agreed to return the vehicle in August 2007; I was later informed that the vehicle would not be returned.

10. From time to time, subsequent to the purchase of the Lexus, I allowed Mr. Fortes to use the vehicle for the specific prupose of attending class, or to search for work, and other legal errands. At no time was I aware that Mr. Fortes was involved in any illegal activity, including the possession, distribution, or manufacturing of a controlled substance, until such time as he was arrested.

11. My interest in allowing Mr. Fortes use of the Lexus was strictly in regard to those of my then infant son since Mr. Fortes is his father I believed that by assisting him to

locate lawful employment, and improve his job skills and education would in turn be beneficial to his ability to provide physical and emotional support to our son.

12. Had I known he was engaged in any such conduct I certainly would not have allowed him use of my vehicle, or any other property for that matter.

13. Mr. Fortes has not interest in my Lexus. I am the sole purchaser and owner of the vehicle.

14. At no time prior to service of the instant action was I notified by the government that it intended to seize the Lexus.

FURTHER YOUR AFFIANT SAYETH NOT.

Signed under penalty of perjury on this the ⎯4⎯ day of April 2008.

Emanuela Alves